IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BUFORD FLOWERS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0250-WS-M |
| | ) |
| **PRIORITY HEALTHCARE** | ) |
| **PHARMACY, INC., et al.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion to remand. (Doc. 4). The parties have submitted briefs and other materials in support of their respective positions, (Docs. 9, 15), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to remand is due to be granted.

The plaintiffs filed this action in state court, alleging various state-law claims. The complaint seeks compensatory and punitive damages in an unspecified amount. The defendants removed on the basis of diversity of citizenship. They did not file any evidence concerning the amount in controversy, but stated that, "[b]ased on the injuries alleged and the fact that each Plaintiff seeks compensatory and punitive damages, it is clear from the face of the Complaint that each Plaintiff seeks damages greater than $75,000." (Doc. 1, ¶ 13).

Along with their motion to remand, the plaintiffs filed affidavits declaring that no plaintiff is seeking, or will seek, in excess of the jurisdictional amount. (Doc. 4, Exhibits). The defendants responded that the affidavits were insufficient because they did not bind the plaintiffs to refuse a higher amount should the jury award it. The defendants stated that the affidavits "as they currently stand" were not effective and that, "[u]nless

and until Plaintiffs cure this defect," the motion to remand should be denied. (Doc. 9 at 2, 3). In reply, the plaintiffs submitted affidavits making precisely the binding stipulation the defendants identified as satisfactory. (Doc. 15, Exhibits).

"[T]he district court must determine whether it had subject matter jurisdiction at the time of removal. [footnote omitted] That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000); *accord Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("If jurisdiction was proper at that date [the date of removal], subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."). The Court agrees with the defendants, (Doc. 9 at 2), that the plaintiffs' affidavits do not reduce the amount in controversy following removal but merely clarify the amount that was in controversy at the time of removal.

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here. Because the only evidence of the amount in controversy is the plaintiffs' affidavits, the preponderance of the evidence necessarily shows that the amount in controversy does not exceed $75,000. Accordingly, remand would be required even had the defendants not been satisfied with the affidavits.[1]

---

[1]The complaint does not on its face establish the amount in controversy, and the defendants are prohibited from conducting discovery in federal court to flesh out the amount in controversy once the plaintiff moves to remand. *Lowery v. Alabama Power Co.*, 2007 WL 1062769 at *17-20 (11th Cir. 2007). Thus, even had the plaintiffs not filed their affidavits, remand would have been required. *Id.* Because the plaintiffs did file

For the reasons set forth above, this case is hereby **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 10th day of May, 2007.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

these affidavits, and did so for the purpose of securing remand, they remain bound by them in state court.